IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TYRONE STRANGE, :
:
    Plaintiff :
:
VS. :
: NO. 3:10-CV-101 (CAR)
:
Captain BOBBY MILFORD; :
HART COUNTY JAIL; :
SHERIFF MIKE CLEVELAND, :
: **ORDER**
    Defendants :

Plaintiff **TYRONE STRANGE**, an inmate at Hart County Jail in Hartwell, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed

without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that he is in jail because of a probation violation. It is unclear if plaintiff's probation has already been revoked or if he is awaiting a probation revocation hearing. For purposes of this Court's current analysis, however, his status as prisoner versus a pre-probation hearing detainee does not matter. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." ***Hamm v. Dekalb Co.***, 774 F.2d 1567, 1574 (1985). Therefore, when reviewing

plaintiff's conditions of confinement claims, the Court will conduct the analysis called for by the Eighth Amendment.

Plaintiff makes various claims about the conditions of confinement at the Hart County Jail. He complains of padlocks on the inside and exit doors, mold in the showers, cracked floors in the showers, a lack of sheets and pillowcases,[1] a lack of medical screening upon initial arrest and confinement, windows that are painted shut, no panic button in the event emergencies, no guards on hair clippers, a lack of yard call, the housing of mental health inmates with others, and only two meals per day.

The Court recognizes that the Eighth Amendment to the United States Constitution provides that cruel and unusual punishment should not be inflicted. "The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." *Brown v. Pastrana*, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at *6 (S. D. Fla. September 4, 2008). However, the Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). All that is required is that they be humane. *Farmer v. Brennan*, 511 U.S. 825 (1994).

To prevail on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." *Brown v. Pastrana*, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at *6-7 (S. D. Fla September 4, 2008) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)).

"Under the first prong, the Court must 'assess whether society considers the risk that [plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose

---

[1] Plaintiff states that the beds only have two blankets.

anyone unwillingly to such a risk." *Id*. (quoting *Chandler*, 379 F.3d at 1289). Plaintiff's complaints, even viewed collectively, are not "so grave that exposure to these conditions violate[s] contemporary standards of decency." *Id*. "At best, such conditions sound in negligence, and do not deprive plaintiff 'of the minimal measure of life's necessities,' nor do such conditions represent something that modern society would find intolerable." *Id*. at *8; *see also Gardner v. Beale*, 780 F. Supp. 1073 (E. D. Va. 1991), *aff'd* 998 F.2d 1008 (4th Cir. 1993)(explaining that providing prisoners with only two meals per day, with an 18-hour interval between the two, did not satisfy the objective component of Eighth Amendment standard); *Green v. Ferrell*, 801 F.2d 765 (5th Cir. 1986)(explaining that two meals per day may be adequate);

As plaintiff has not, even taking all of his allegations as true, established the first prong of the above-described test, the Court need not address the second prong.

Additionally, the Court notes that plaintiff has not alleged he suffered any type of physical injury as a result of the various conditions that allegedly exist at the Hart County Jail. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered by in custody without a prior showing of physical injury. *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff has sustained no physical injuries, and, therefore, his action may not prevail under 42 U.S.C. § 1983.

Finally, even if plaintiff had established a constitutional violation, Sheriff Mike Cleveland would be entitled to Eleventh Amendment immunity from suit in his official capacity because a "sheriff's 'authority and duty to administer the jail in his jurisdiction flows from the State, not [the] County'." *Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005)(quoting *Manders v. Lee,* 338 F.3d 1304, 1307-08 (11th Cir. 2003)). Additionally, the Hart County Jail is not a legal entity that is subject to suit. *See Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984).

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED, this 21st day of December, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb